# FINUCANE v. UNITED STATES.
## No. 43107.

Court of Claims.

Nov. 1, 1937.

Knowlton Durham, of New York City (Stanton C. Peelle, of Washington, D. C., on the briefs), for plaintiff.

John W. Blalock, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

In this income tax case plaintiff seeks to recover $3,646.50 for 1931 on the ground that an item of interest was erroneously accrued by a partnership of which he was a member and included in his distributive share of the partnership income which he reported and that another item of interest was erroneously considered as having been received by him.

During 1931, and for many years prior to that time, plaintiff had been a member of a partnership which was engaged in the stock brokerage business. There were other members of the partnership, both general and special, and the senior member was one Erastus T. Tefft, who owned an interest therein of approximately 40 per cent. Plaintiff had an interest of approximately 20 per cent. The partnership kept its books and rendered its return on an accrual basis. On that basis it accrued interest on debit balances of its customers as well as on the debit balances of the partners. Among the debit balances appearing on the books in 1931 was a substantial debit balance of

Erastus T. Tefft, and the interest accrued thereon for that year, which was accounted for as income of the partnership, was $34,496.05. The entire net income of the partnership for 1931, as reported on the partnership return, was $389,266.67 which included, in one item thereof, the accrued interest on the debit balance of Tefft. Plaintiff's distributive share of the foregoing net income of the partnership was reported by him in his return for 1931 and the tax paid thereon.

Plaintiff's first contention is that the amount so reported by him was excessive to the extent that it represented income from the partnership on account of the interest accrued on the debit balance of Tefft for the reason that any accrual of interest in favor of the partnership against Tefft was improper because of his financial condition in that year. The partnership was on an accrual basis, and since, under section 182 (a) of the Revenue Act of 1928, 26 U.S.C.A. § 182 and note, a partner is taxable on his distributive share of the net income of the partnership, whether distributed or not, our one question is to determine whether the interest item was properly accrued by the partnership. We are of the opinion it was properly accrued. It is true that during 1931 Tefft did not have tangible assets of a sufficient value to meet his outstanding obligations and, if he had been forced to liquidate, he may have been insolvent. He did, however, have a 40 per cent. interest in a partnership which earned for that year some $389,000 and his income from the partnership amounted to approximately $145,000. The partnership was solvent, and there is no suggestion in the record that any thought was being given to a liquidation of the partnership or a liquidation of Tefft's holdings with a view of satisfying his outstanding obligations. Just how Tefft's income from the partnership was treated with respect to his obligations to the partnership does not fully appear, but, apparently, a substantial part thereof was being used to satisfy his obligations. Certainly plaintiff, and perhaps the other members of the partnership had every confidence in Tefft and had every reason to believe in 1931 that his obligations, including interest, would be met in full. The partnership continued for some time after 1931, perhaps until the death of Tefft in 1935. It showed a substantial income in 1932, plaintiff's share thereof being some $25,000. It is true that the interest in question was never collected from Tefft, but we must judge the propriety of the accrual on the basis of the facts as they existed in 1931 rather than on the basis of what subsequently occurred. An item of income accrues when all events have occurred which fix its amount and determine the liability of the party from whom it is forthcoming to pay. United States v. Anderson et al., 269 U.S. 422, 423, 46 S.Ct. 131, 70 L.Ed. 347.

There can be no question in this case of the amount of the interest involved or the liability of Tefft to pay it. In view of the circumstances outlined above, we are also convinced that there was at the close of 1931 a reasonable expectation that such interest would be paid. Cf. American Cigar Company, 21 B.T.A. 464. Since this item was therefore a proper accrual on the books of the partnership, it follows that it was properly included in the income of the plaintiff.

The other item in controversy is somewhat similar, although it does not involve partnership income. In 1930 plaintiff made a loan to Tefft of $100,000. The loan was accomplished by a transfer of a credit on the books of the partnership from plaintiff to Tefft and the giving of a note by Tefft to plaintiff as evidence of the loan. In 1931 accrued interest on the loan for that year was credited on the books of the partnership to plaintiff and charged to Tefft. This method was followed on the express instructions of Tefft and was the same method pursued in making the loan itself available for Tefft. Plaintiff did not withdraw the amount credited in 1931 nor was it thereafter paid. Since plaintiff filed his return on a cash basis, his contention is that this amount was not received by him either actually or constructively, and therefore it was improper to include this amount in his return. We can find no merit in this contention. When the amount was credited by the partnership to plaintiff, it became an amount which plaintiff could withdraw from the partnership at any time he desired and, therefore, in a real sense became income constructively received by him. It was subject to his control and demand. That plaintiff did not withdraw this amount is beside the point and that it was not paid to him in future years is immaterial.

In connection with the other point we have commented on the financial situation as relating to Tefft, and it is equally applicable as far as this is concerned. The partnership was earning large amounts, and a very substantial share thereof be-

longed to Tefft. There is no suggestion in the record that plaintiff could not have withdrawn this amount in 1931 had he so desired or that there were any restrictions placed on the credit, in so far as its availability for Tefft was concerned. The amount credited to him accordingly became his own income constructively received in 1931 and was therefore properly reported by him in his return for that year. The petition must be dismissed. It is so ordered.